**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RYAN STEWMAN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-00080- |
| | § | SDJ-AGD |
| W. BRADLEY BAUHOF, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. The Report provides proposed findings of fact and a recommendation that Defendants W. Bradley Bauhof, W. Bradley Bauhof, LLC, and Bauhof & Buchholz, LLC's Rule 12(b)(2) Motion to Dismiss (Dkt. #43) be granted as to the grounds asserted under Rule 12(b)(2); that Plaintiffs Ryan Stewman, Amy Stewman, and Closer Marketing, LLC's Amended Complaint (Dkt. #38) be dismissed without prejudice; and that Plaintiffs' Request for Jurisdictional Discovery (Dkt. #46) be denied. *See* (Dkt. #47).

Plaintiffs timely filed objections to the Report, (Dkt. #48), and Defendants filed a response, (Dkt. #49). The Court has conducted a de novo review of the objections and the portions of the Report to which Plaintiffs specifically object. Having done so, the Court concludes that the findings and conclusions of the Magistrate Judge are

1

correct, and the objections are without merit as to the ultimate recommendation of the Magistrate Judge.

Plaintiffs' objections rely on *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999) and *Trois v. Apple Tree Auction Center, Inc.*, 882 F.3d 485 (5th Cir. 2018). The Court finds that Plaintiffs' reliance on these cases is misplaced.

In *Wien Air*, the defendant took an active role in negotiating business deals and scheduling closing dates for the plaintiffs to purchase a foreign airline; the defendant admittedly served in an attorney–client relationship with the plaintiffs; the defendant met with the plaintiffs in Texas; and the defendant made numerous misrepresentations through "letters, faxes, and phone calls" with the plaintiffs, who were in Texas, that "contained fraudulent misrepresentations and promises and whose contents failed to disclose material information. *Wien Air*, 195 F.3d at 209–14. The United States Court of Appeals for the Fifth Circuit found that this was sufficient to establish minimum contacts. *Id.* at 215.

In *Trois*, the defendant made misrepresentations to the plaintiff over the phone about the likely outcome of the defendant's sale of the plaintiff's goods at auction. 882 F.3d at 490–91. The Fifth Circuit found that "communications relating to the performance of a contract themselves are insufficient to establish minimum contacts." *Id.* at 489. Citing to *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994), the Fifth Circuit stated that "personal jurisdiction in a [tort] case could not rest on a nonresident defendant's tortious response to one uninitiated, unsolicited phone call." *Trois*, 882 F.3d at 491. However, the Fifth Circuit found that the defendant had minimum

2

contacts with the forum state because he "was not a passive participant on the call," but "was the key negotiating party who made representations regarding his business in a call to Texas." *Id.*

Both *Wien Air* and *Trois* are distinguishable from the instant lawsuit. By Plaintiffs' own well-pleaded allegations,[1] Defendant W. Bradley Bauhof was more aligned with the passive participant than the active negotiator (Dkt. #38).[2] As noted in the Report, the limited communication from Defendants included: (1) Defendant W. Bradley Bauhof introducing himself and his role as an escrow agent on a conference call initiated by dismissed defendant, Kashif Sarwar; (2) Defendant W. Bradley Bauhof defending his character; and (3) Defendant W. Bradley Bauhof relaying information he had been given by Sarwar (Dkt. #47 at p. 12). These communications are not what make up the tortious conduct alleged by Plaintiffs. Indeed, as the Report finds, Plaintiffs' allegations of tortious misrepresentations came from dismissed defendants Sarwar, Todd Goetz, and Keith Matthews.

In reviewing the Report (Dkt. #47), Plaintiffs' objections (Dkt. #48), and Defendants' response to Plaintiffs' objections (Dkt. #49), and all other relevant pleadings, the Court finds that the cases relied upon by Plaintiffs in their objections

---

[1] The Court takes all Plaintiffs' well-pleaded allegations in the Amended Complaint (Dkt. #38) as true, disregarding Plaintiffs' allegations that are refuted by Defendants' affidavit (Dkt. #43, Exhibit 1). "When considering a motion to dismiss, allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *United My Funds, LLC v. Perera*, 4:19-CV-373, 2020 WL 674364, at *2 (E.D. Tex. 2020) (citing *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (internal quotation marks and alterations omitted).

[2] Plaintiff has no direct allegations against Defendants W. Bradley Bauhof, LLC or Bauhof & Buchholz, LLC.

3

to the Report are inapplicable in the instant lawsuit. Accordingly, the Court adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants W. Bradley Bauhof, W. Bradley Bauhof, LLC, and Bauhof & Buchholz, LLC's Rule 12(b)(2) Motion to Dismiss (Dkt. #43) is **GRANTED** as to the grounds asserted under Rule 12(b)(2); that Plaintiffs Ryan Stewman, Amy Stewman, and Closer Marketing, LLC's Amended Complaint (Dkt. #38) is **DISMISSED WITHOUT PREJUDICE**; and that Plaintiffs' Request for Jurisdictional Discovery (Dkt. #46) is **DENIED**.

**So ORDERED and SIGNED this 9th day of April, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE